# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

DAVID A. FARGNOLI,
    Appellant,

v.

DEPARTMENT OF COMMERCE,
    Agency.

DOCKET NUMBER
DC-0752-15-0266-B-1

DATE: February 9, 2023

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Lawrence Berger, Esquire, Glen Cove, New York, for the appellant.

Adam Chandler, Esquire, Washington, D.C., for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the remand initial decision, which sustained his removal. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the remand initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2      Prior to his entry on duty as a Criminal Investigator in the agency's Bureau of Industry and Security, the appellant previously had been employed by the Department of Labor (DOL), Office of Inspector General (OIG). The agency removed him on the charges of unauthorized possession of equipment, conduct unbecoming a Law Enforcement Officer (four specifications), and lack of candor (three specifications). *Fargnoli v. Department of Justice*, MSPB Docket No. DC-0752-15-0266-I-1, Initial Appeal File (IAF), Tab 5 at 39-54.[2] The charged misconduct generally centered on a shotgun, which came into the appellant's possession when he worked at DOL, and his possessing that shotgun and another personal weapon during his employment at the agency, as well as sworn statements he made when interviewed about these matters.

¶3      On appeal, and after a hearing, the administrative judge sustained all three charges, although he did not sustain specification 4 of the conduct unbecoming

---

[2] The deciding official found that the evidence did not support the first three of the six specifications set forth in the notice of proposed removal under the lack of candor charge. IAF, Tab 5 at 45-46.

charge. IAF, Tab 19, Initial Decision (ID) at 3-28. He further found that the agency established that a nexus existed between the sustained misconduct and the efficiency of the service and that the penalty of removal was reasonable. ID at 29-31.

¶4      On the appellant's petition for review, the Board found that, although the administrative judge did not correctly construe the unauthorized possession charge, it was still sustained.[3]  *Fargnoli v. Department of Commerce*, 123 M.S.P.R. 330, ¶¶ 6-11 (2016). Of the three remaining specifications under the conduct unbecoming charge, the Board sustained only the first two but found that they were sufficient to sustain that charge. *Id.*, ¶¶ 12-15. The Board then found that the administrative judge did not fully analyze the lack of candor charge because, although he determined that the appellant's statements described in specifications 4, 5, and 6 were not true, he made no findings as to whether the "element of deception" was present; that is, whether the appellant gave incorrect or incomplete information and did so knowingly. *Id.*, ¶¶ 16-18 (citing *Ludlum v. Department of Justice*, 278 F.3d 1280, 1284 (Fed. Cir. 2002) and *Rhee v. Department of the Treasury*, 117 M.S.P.R. 640, ¶ 11 (2012), *overruled in part on other grounds by Savage v. Department of the Army*, 122 M.S.P.R. 612 (2015)). In remanding the case, the Board directed the administrative judge to reanalyze the lack of candor charge and to make a new finding as to whether the sustained misconduct warrants removal.[4]  *Fargnoli*, 123 M.S.P.R. 330, ¶ 18.

---

[3] The appellant states on review that he "reserves for further appeal, if the removal is sustained by the Board, the Board's conclusion that Reason 1 ('Unauthorized Possession of Equipment') was sustained." *Fargnoli v. Department of Justice*, MSPB Docket No. DC-0752-15-0266-B-1, Remand Petition for Review (RPFR) File, Tab 5 at 6 n.1. That finding by the Board, however, is not subject to further administrative review.

[4] The Board also directed the administrative judge, on remand, to consider and address as appropriate the appellant's claim, raised below, that the agency violated his due process rights. *Fargnoli*, 123 M.S.P.R. 330, ¶ 18 n.5. The administrative judge did so, finding that the appellant did not present preponderant evidence that the agency failed to afford him the due process to which he was entitled. *Fargnoli v. Department of*

¶5      On remand, the administrative judge again affirmed the agency's action. *Fargnoli v. Department of Justice*, MSPB Docket No. DC-0752-15-0266-B-1, Remand File, Tab 3, Remand Initial Decision (RID) at 9.  As directed, he reconsidered the three specifications under the lack of candor charge.  Finding, in all three, that the appellant made false statements and did so knowingly, RID at 3-7, the administrative judge sustained that charge, RID at 7.  Having found that all three charges remained sustained, the administrative judge further found unchanged his earlier findings that the agency's action promoted the efficiency of the service and that the removal penalty was reasonable.  RID at 8.

¶6      The appellant has filed a petition for review of the remand initial decision, *Fargnoli v. Department of Justice*, MSPB Docket No. DC-0752-15-0266-B-1, Remand Petition for Review (RPFR) File, Tab 5, to which the agency has responded, RPFR File, Tab 7, and the appellant has filed a reply, RPFR File, Tab 8.

**ANALYSIS**

¶7      In specification 4 of the lack of candor charge, the agency asserted that, in a sworn interview, when the appellant was asked why he did not return the shotgun, he stated that "[he] intended to" and that when asked why he kept the shotgun after leaving DOL, he stated that "[his] intent was to T&E [test and evaluate] it and present the package to [his current employer]."  The agency contended that these statements evidenced a lack of candor on the appellant's part because they were not supported by the record evidence.  IAF, Tab 5 at 273.

¶8      In finding that the appellant's statements in this specification exhibited a lack of candor, the administrative judge first repeated the findings that he had earlier made that, based on the record as a whole, the appellant's explanation

*Justice*, MSPB Docket No. DC-0752-15-0266-B-1, Remand File, Tab 3, Remand Initial Decision at 7-8.  Because the appellant has not challenged that finding on petition for review, RPFR File, Tab 1, we will not consider it further.

made no sense because he lacked any authority to evaluate a shotgun or any firearm, he never sought permission from anyone from the agency to conduct an evaluation, he never notified the gun manufacturer that he was no longer "evaluating" the shotgun for DOL but was now "evaluating" it for his current agency, he never told anyone at the agency that he possessed the shotgun, he never produced any report/evaluation of the shotgun, even though he possessed it for 3 years after changing jobs, and such possession would have continued indefinitely but for the inadvertent discovery of the shotgun in the appellant's possession at the time of his vehicle accident, which formed the basis for the conduct unbecoming charge. On this basis, the administrative judge found that he could not credit the appellant's claim. ID at 24; RID at 4. In the remand initial decision, the administrative judge found that the appellant's statements evidenced deception. The administrative judge found that they were false and that the appellant knew they were false when he made them because he could point to no facts to support his claims, thereby demonstrating irrefutably that he had no thought or plan to return the shotgun. RID at 4-5. The administrative judge again found not credible the appellant's explanation that he intended to return the shotgun, particularly since he possessed the shotgun for 3 years and the possession ended involuntarily. RID at 5.

¶9      The appellant challenges the administrative judge's findings on review, arguing that the gun manufacturer had no expectation that the shotgun would be returned and never asked for it back and neither did DOL, such that any return of the shotgun was indefinite and open-ended, and rendered the appellant's decision what to do with the shotgun at some future time a "judgment call." The appellant further argues that the intent to deceive cannot be shown in the absence of unambiguous instruction as to the timing of the return. RPFR File, Tab 5 at 7-8.

¶10     The appellant disputes the administrative judge's conclusion that the statements at issue in this specification were false and that the appellant knew they were false when he made them. However, he has not challenged the

underlying facts supporting the administrative judge's conclusion. Moreover, in making his findings, the administrative judge relied on the Board's decision in *Hillen v. Department of the Army*, 35 M.S.P.R. 453, 458 (1987),[5] explaining in detail why he found the appellant's explanation for his statements to be inherently improbable. RID at 4-5. The appellant also argues on review that the administrative judge's credibility determinations were not based on demeanor and therefore should not be afforded deference. RPFR File, Tab 5 at 11-12. However, it is well established that when, as here, an administrative judge has heard live testimony, his credibility determinations must be deemed to be at least implicitly based upon the demeanor of the witnesses. *Purifoy v. Department of Veterans Affairs*, 838 F.3d 1367, 1373 (Fed. Cir. 2016); *Little v. Department of Transportation*, 112 M.S.P.R. 224, ¶ 4 (2009). The Board must defer to an administrative judge's credibility determinations when they are based, explicitly or implicitly, on observing the demeanor of witnesses testifying at a hearing, and the Board may overturn credibility findings only when it has "sufficiently sound" reasons for doing so. *Haebe v. Department of Justice*, 288 F.3d 1288, 1301 (Fed. Cir. 2002). Beyond his mere disagreement, the appellant has not provided such reasons, and we discern no reason to reweigh the evidence or substitute our assessment of the record evidence for that of the administrative judge. *See Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 105-06 (1997). Regarding the appellant's argument that, because the evidence is unclear as to whether he knew that he should have returned the shotgun on a date certain or believed he could do

---

[5] To resolve credibility issues, an administrative judge must identify the factual questions in dispute, summarize the evidence on each disputed question, state which version he believes, and explain in detail why he found the chosen version more credible, considering such factors as: (1) the witness's opportunity and capacity to observe the event or act in question; (2) the witness's character; (3) any prior inconsistent statement by the witness; (4) a witness's bias, or lack of bias; (5) the contradiction of the witness's version of events by other evidence or its consistency with other evidence; (6) the inherent improbability of the witness's version of events; and (7) the witness's demeanor. *Hillen*, 35 M.S.P.R. at 458.

so at any time, there can be no finding of an intent to deceive, RPFR File, Tab 5 at 14, there is no requirement of intent in a lack of candor charge, *Ludlum*, 278 F.3d at 1284-85. In sum, we find that the administrative judge properly sustained specification 4 of the lack of candor charge.

¶11    In specification 5, the agency asserted that, during a sworn interview, the appellant stated that he received permission from a named Special Agent in Charge from DOL's OIG to acquire and test the shotgun. IAF, Tab 6 at 273. The agency further asserted, however, that the Special Agent in Charge denied ever giving the appellant permission to obtain the shotgun and that, because the Special Agent in Charge had no incentive to misrepresent the truth, his statement was more credible than the appellant's. *Id.*

¶12    In finding that the appellant's statement exhibited a lack of candor, the administrative judge repeated the findings he had earlier made that the appellant's statement was not credible because, if it was so, there would have been some type of follow-up or accountability to assure that the testing occurred, but that there was no testing, either at DOL or at the agency. The administrative judge further found that, if the appellant had received such approval from the Special Agent in Charge or anyone with authority, the appellant would have been ethically obligated to complete the authorized activity and that his failure to do so undermined any legitimacy his claim might otherwise have. The administrative judge credited the statement of the Special Agent in Charge that he did not know the appellant had acquired the shotgun for any purpose and found therefore that the appellant lacked candor in his response regarding his having received permission from the Special Agent in Charge to obtain the shotgun. ID at 26; RID at 5-6. In the remand initial decision, the administrative judge further found that the appellant's statement was not an inadvertent mistake but was false, unsupported by any facts, and that he knew it was false in that it was a conscious attempt at deception. RID at 6.

¶13    The appellant challenges those findings on review, arguing that, in fact, an Assistant Special Agent in Charge permitted him to borrow the shotgun from the manufacturer and that therefore his statement was not untrue. The appellant contends that, to the extent, given the passage of time, he might have been confused about whether it was the Special Agent in Charge or the Assistant Special Agent in Charge who gave him permission to borrow the shotgun, his recollection was in good faith and evidenced no intent to deceive. RPFR File, Tab 3 at 14-15. In addition, the appellant argues that the Special Agent in Charge did not deny knowing that someone may have informed him that the appellant had obtained the shotgun for training and evaluation. *Id.* at 9, 14.

¶14    The appellant's arguments again challenge the administrative judge's credibility determinations. After hearing the testimony, the administrative judge found not credible the appellant's statement that the Special Agent in Charge gave him permission to acquire and test the shotgun, finding the statement contradicted by the Special Agent in Charge's own statement, IAF, Tab 6 at 71, as well as the appellant's own behavior in not completing any testing of the shotgun over a period of 3 years, *Hillen*, 35 M.S.P.R. at 458; RID at 6. Because these findings were at least implicitly based on demeanor, and because the appellant has not shown "sufficiently sound" reasons for overturning them, we defer to those findings. *See Haebe*, 288 F.3d at 1301. Moreover, as noted, there is no requirement of an intent to deceive in a lack of candor charge. *Ludlum*, 278 F.3d at 1284-85. We therefore find that the administrative judge properly sustained specification 5 of the lack of candor charge.

¶15    In specification 6, the agency asserted that, in a sworn interview, the appellant stated that he felt the shotgun was a "personal assignment," not assigned to the agency. IAF, Tab 6 at 273-74.

¶16    In finding that this statement exhibited lack of candor, the administrative judge repeated his earlier findings that the appellant made an internally inconsistent claim by also stating that he acquired the shotgun for testing and

evaluation and that his compete failure to conduct any testing, either personally or officially, demonstrated that his statement was misleading or demonstrably inaccurate. ID at 28. In the remand initial decision, the administrative judge found that the statement was knowingly false, lacking any evidentiary support, and was made to deceive, misdirect, and hide the truth. RID at 6-7.

¶17    The appellant challenges the administrative judge's findings on review, again disputing the administrative judge's credibility findings, arguing that his belief that the shotgun was not assigned to the agency was sincerely held, even if incorrect, and that it did not establish an intent to deceive. RPFR File, Tab 5 at 16. In making his finding, the administrative judge explained why he found the appellant's explanation for his statement to be inconsistent with his other statement and with his actions. *Hillen*, 35 M.S.P.R. at 458; RID at 6-7. Because these findings were based at least implicitly on demeanor, and because the appellant has not shown "sufficiently sound" reasons for overturning them, we defer to those findings. *Haebe*, 288 F.3d at 1301. Moreover, as noted, there is no requirement or an intent to deceive in a lack of candor charge. *Ludlum*, 278 F.3d at 1284-85. We therefore find that the administrative judge properly sustained specification 6 of the lack of candor charge and, having sustained all three specifications of the charge, properly sustained the charge itself.

¶18    Other than stating that "[t]he penalty of removal should be mitigated," the appellant has advanced no reason why the agency's chosen penalty should not be upheld. RPFR File, Tab 5 at 16. He has not shown error in the administrative judge's findings that all of the sustained misconduct arose from the appellant's official duties. RID at 8. When the agency's charges are sustained, the Board will review the agency's penalty selection only to determine if the agency considered all the relevant factors and exercised management discretion within the tolerable limits of reasonableness. *Luongo v. Department of Justice*, 95 M.S.P.R. 643, ¶ 6 (2004), *aff'd*, 123 F. App'x 405 (Fed. Cir. 2005). We agree with the administrative judge that the agency in this case did consider all the

relevant factors, RID at 8; IAF, Tab 5 at 47-51, Tab 18, Hearing Compact Disc (testimony of the deciding official), and that removal is a reasonable penalty for the sustained misconduct.

¶19    On review, the appellant argues that the Board should apply "*Chevron* deference,"[6] which is generally concerned with issues of statutory construction, to a portion of the deciding official's testimony.  RPFR File, Tab 5 at 12-13.  The appellant did not raise this argument below and has not shown that it is based on new and material evidence not previously available despite his due diligence. Therefore we will not considerate it.  *See Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980).

¶20    Accordingly, we affirm the remand initial decision.

## NOTICE OF APPEAL RIGHTS[7]

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

---

[6] *Chevron, USA, Inc. v. Natural Resources Defense Council, Inc.*, 487 U.S. 837 (1984).

[7] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you

were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. \_\_\_\_ , 137 S. Ct. 1975 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[8]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(B).

---

[8] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                          /s/ for
                                   Jennifer Everling
                                   Acting Clerk of the Board

Washington, D.C.